# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

RED CAT HOLDINGS, INC., a
Nevada corporation; TEAL DRONES,
INC., a Delaware corporation,

      Plaintiffs,

        v.

AUTONODYNE LLC, a Delaware
limited liability company; DANIEL
SCHWINN, an individual,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. 2022-0878-NAC

## ORDER DISMISSING PLAINTIFFS' CLAIMS AGAINST DEFENDANT DANIEL SCHWINN WITH LEAVE TO TRANSFER

WHEREAS:

1.    On January 30, 2024, I dismissed all claims in this action brought against Defendant Autonodyne LLC.[1] That same day, I also entered an order regarding Defendant Daniel Schwinn's motion to dismiss Plaintiffs' claims against him on personal jurisdiction grounds.[2] The order permitted Plaintiffs to take targeted jurisdictional discovery concerning Schwinn's status as a de jure manager of Autonodyne. The order also asked for the parties' views on whether the Court continues to have subject matter

---

[1] D.I. 46.

[2] D.I. 47.

jurisdiction over Plaintiffs' limited remaining claims in light of the January 30th dismissal decision.

2.     Following dismissal of Plaintiffs' claims against Autonodyne, only Plaintiffs' claim for tortious interference against Schwinn, and their related declaratory judgment claim against Schwinn, remain in this action.

3.     Plaintiffs request the Court dismiss the claims against Schwinn for lack of subject matter jurisdiction and permit them to transfer the action to the Superior Court.[3]   Schwinn argues the Court should retain subject matter jurisdiction over the claims under the clean-up doctrine as a matter of judicial economy.[4]

NOW, THEREFORE, IT IS HEREBY ORDERED, this 14th day of March 2024, as follows:

1.     The parties agree the Court lacks subject matter jurisdiction over the remaining claims in this action.   Indeed, "[t]he Court of Chancery is proudly a court of limited jurisdiction."[5]   "Chancery jurisdiction is not conferred by the incantation of magic words. . . . If a realistic evaluation leads to the conclusion that an adequate remedy is available, this court . . . will not

---

[3] D.I. 50.

[4] D.I. 52.

[5] *Perlman v. Vox Media, Inc.*, 2019 WL 2647520, at *4 (Del. Ch. June 27, 2019).

accept jurisdiction over the matter."[6]  It is well recognized in this context that "[t]ortious interference claims are not equitable claims."[7]  Likewise, "the Court of Chancery has jurisdiction in a declaratory judgment action *if* there is an 'underlying basis for equity jurisdiction measured by traditional standards.'"[8]

2.  No party argues that, following the January 30th dismissal decision, any of the remaining claims in this action provide a basis for subject matter jurisdiction.  Instead, as noted above, Schwinn argues this Court has jurisdiction under the "clean-up doctrine."

---

[6] *Organovo Hldgs., Inc. v. Dimitrov*, 162 A.3d 102, 113 (Del. Ch. 2017) (quoting *McMahon v. New Castle Assocs.*, 532 A.2d 601, 603 (Del. Ch. 1987)).

[7] *See Enzolytics, Inc. v. Empire Stock Transfer Inc.*, 2023 WL 2543952, at *6 (Del. Ch. Mar. 16, 2023) (ORDER) (refusing to exercise clean-up jurisdiction over tortious interference claim where it dismissed all equitable causes of action); *Organovo*, 162 A.3d 102, 113 (Del. Ch. 2017) ("The Complaint asserts common law claims for libel, tortious interference with prospective economic advantage, and negligence.  None of these are equitable claims[.]").  For the sake of completeness, I note that, in *Organovo*, the Vice Chancellor explained that "[c]ourts have recognized . . . a request for equitable remedies for tortious interference . . . against future speech."  *Id.* at 122.  No party, however, has argued that *Organovo* applies in this capacity.  And I already dismissed the only claim for injunctive relief in this action, which Plaintiffs asserted against Autonodyne, not Schwinn.

[8] *Abbott v. Vavala*, 284 A.3d 77 (Del. 2022) (ORDER) (emphasis added) (quoting *Diebold Computer Leasing, Inc. v. Comm. Credit Corp.*, 267 A.2d 586, 591 (Del. 1970)).  The parties do not argue the remaining claim for declaratory judgment against Schwinn serves as a basis for ancillary subject matter jurisdiction under the clean-up doctrine.

3. "The 'clean-up doctrine' gives this court ancillary jurisdiction 'to resolve purely legal causes of action that are before it as part of the same controversy over which the Court originally had subject matter jurisdiction in order to avoid piecemeal litigation.'"[9] When determining whether to exercise clean-up jurisdiction, Delaware courts often consider whether retaining jurisdiction would "1) resolve a factual issue which must be determined in the proceedings; 2) avoid a multiplicity of suits; 3) promote judicial efficiency; 4) do full justice; 5) avoid great expense; 6) afford complete relief in one action; or 7) overcome insufficient modes of procedure at law."[10] "The Court's decision to retain jurisdiction under the clean-up doctrine is committed to the Court's discretion."[11]

4. "Where . . . the only claims for which this court had subject matter jurisdiction are dismissed at an early stage in the proceedings, it is appropriate to decline jurisdiction under the clean-up doctrine."[12] In

---

[9] *FirstString Rsch., Inc. v. JSS Med. Rsch. Inc.*, 2021 WL 2182829, at *6 (Del. Ch. May 28, 2021).

[10] *Id.* (quoting *Acierno v. Goldstein*, 2004 WL 1488673, at *5 (Del. Ch. June 25, 2004)).

[11] *A & H Metals, Inc. v. Del. Dep't of Lab.*, 2009 WL 1451889, at *2 (Del. Ch. May 21, 2009).

[12] *Parseghian as trustee of Gregory J. Parseghian Revocable Tr. v. Frequency Therapeutics, Inc.*, 2022 WL 2208899, at *10 (Del. Ch. June 21, 2022); *see also Rizzo ex rel. JJ&B, LLC v. Joseph Rizzo & Sons Const. Co.*, 2007 WL

addition, this Court has repeatedly declined to exercise clean-up jurisdiction when doing so would not enhance efficiency or fairness.[13]

5. As noted, the parties agree the Court lacks subject matter jurisdiction over the remaining claims against Schwinn. Retaining jurisdiction under the clean-up doctrine is not necessary here to resolve specific factual issues or "do full justice." My exceptional colleagues on the Superior Court are well-equipped to make any required findings of fact and provide the parties with a just resolution of the remaining claims.

6. Retaining jurisdiction would do little to promote judicial efficiency or to avoid litigation expenses incurred by the parties. This action remains in its infancy and has not advanced beyond the pleading stage. The parties have not taken discovery, nor has the Court made any findings of fact.

7. In addition, I have only had occasion to examine the claims against one defendant in this action, and I dismissed those claims in their entirety. Given Schwinn's threshold arguments over personal jurisdiction, I

---

1114079, at *2 (Del. Ch. Apr. 10, 2007) ("[J]udges of this court are more reluctant to exercise discretionary jurisdiction over legal claims after the equitable claims have been resolved or have become moot, especially when those claims are resolved at an early stage, such as by a motion to dismiss.").

[13] *See Nichols v. Lewis*, 2007 WL 1584622, at *1 (Del. Ch. May 24, 2007); *Midland Food Servs. v. Castle Hills Hldgs.*, 1999 WL 669324, at *3 (Del. Ch. Aug. 10, 1999), *aff'd*, 782 A.2d 265 (Del. 2001).

have not undertaken an in-depth examination of the substance of the remaining claims asserted against him.[14]  Thus, aside from some frankly de minimis overlap, "there will be no duplication of prior effort involved if the Superior Court handles the remaining claim[s]."[15]

8.    In the circumstances presented here, "[d]eclining jurisdiction" at this early stage over the remaining claims after having dismissed the equitable claims "will not result in duplicative litigation in two courts or great additional expense."[16]

9.    Accordingly, and for the foregoing reasons, "I am exercising my discretion to dismiss this case"[17] subject to Plaintiffs' right to elect to transfer this action to the Superior Court under 10 *Del. C.* § 1902.[18]

__*/s/ Nathan A. Cook*__
Vice Chancellor Nathan A. Cook

---

[14] *See Solomon v. Pathe Commc'ns Corp.*, 672 A.2d 35, 40 (Del. 1996) ("jurisdictional matters should be decided before substantive matters").

[15] *Nichols*, 2007 WL 1584622, at *1.

[16] *Parseghian*, 2022 WL 2208899, at *11.

[17] *Nichols*, 2007 WL 1584622, at *1.

[18] The dismissal and closure of this action will take effect upon the expiration of the transfer period if Plaintiffs do not transfer this action to the Superior Court in conformance with 10 *Del. C.* § 1902.  If Plaintiffs fail to transfer this action to the Superior Court within the statutory period, the remaining claims will be dismissed with prejudice.